**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-2(c)

Nowell Amoroso Klein Bierman P.A.
155 Polifly Road
Hackensack, New Jersey 07601
(201) 343-5001
David Edelberg, Esq. (DE-6258)
Attorneys for Empire Farms, Inc.

| | |
|---|---|
| In Re: | : Chapter 12 |
| Empire Farms, Inc., | : Case No.: 10-35789(MBK) |
| Debtor. | |

## CHAPTER 12 PLAN

Empire Farms, Inc., the Debtor in the above captioned matter, through its attorneys, Nowell Amoroso Klein Bierman, P.A., respectfully submits its Chapter 12 Plan.

Empire Farms, Inc.

Dated:  November    , 2010          By: /s/ Joseph Mahal
                                        Joseph Mahal

1

## TABLE OF CONTENTS

| ARTICLE | | PAGE |
|---|---|---|
| I | DEFINITIONS | 3 |
| II | ADMINISTRATIVE EXPENSES | 5 |
| III | DESIGNATION OF CLASSES AND INTERESTS | 5 |
| IV | TREATMENT OF CLAIMS AND INTERESTS/IMPAIRMENT | 9 |
| V | IMPLEMENTATION OF THE PLAN | 11 |
| VI | ASSUMPTION/REJECTION OF EXECUTORY CONTRACTS | 13 |
| VII | RETENTION OF JURISDICTION | 13 |
| VIII | MISCELLANEOUS PROVISIONS | 14 |

# ARTICLE I

# DEFINITIONS

The following terms shall have the following meanings when utilized herein:

Administrative

Expense: Any cost or expense of administration of Debtor's Chapter 12 Case allowed pursuant to Sections 503(b) and 507(a)(1) of the Code, including, but not limited to, any actual and necessary expenses of preserving Debtor's estate, any actual and necessary expenses of operating Debtor's business, any indebtedness or obligation incurred or assumed by Debtor in connection with the conduct of its business or with respect to the acquisition or lease of property or any other provision of services to Debtor.

Allowed
Claim: A Claim against Debtor allowable pursuant to Section 502 of the Bankruptcy Code to the extent that: (a) A Proof of Claim was timely filed, deemed filed, or with leave of the Bankruptcy Court or without objection by Debtor and the Committee, filed late and (b) As to which either (i) a party in interest, including Debtor or the Committee, does not timely file an objection or (ii) is allowed by a final Order; unless otherwise provided hereinafter in this Plan. This includes all Claims filed pursuant to Sections 501(b), 521 and 1106 of the Bankruptcy Code.

Claims: All Claims as such term is defined in Section 101(4) of the Bankruptcy Code.

Class: A grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan of Reorganization.

Code: Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

Confirmation: The entry of an Order by the Court approving the Plan in accordance with the provisions of the Code.

Court: The United States Bankruptcy Court of the District of New Jersey

| | |
|---|---|
| | located in Newark, New Jersey, where Debtor's Chapter 12 case is currently pending. |
| Creditor: | All persons, corporations, partnerships, or business entities holding Claims against Debtor. |
| Creditor Fund: | Fund established and funded pursuant to the Plan for remitting payments upon Unsecured Claims. |
| Debtor: | Empire Farms, Inc., the Debtor herein. |
| Effective Date: | Ten days following the entry of an Order Confirming the Plan. |
| IRS | The United States of America, Internal Revenue Service |
| Highlands | Highlands State Bank, the holder of various claims herein. |
| Petition Date: | August 20, 2010, the date of the filing of the Debtor's voluntary Chapter 12 petition. |
| Plan: | This Chapter 12 Plan, either in its present form or as it may be amended, supplemented or modified hereafter. |
| Secured Claim: | A Claim secured by a lien or security interest in Debtor's property. |
| Unsecured Creditor: | Any claim against Debtor which arose prior to the filing of Debtor's Chapter 12 Petition, and which is not: (a) A Secured Claim pursuant to Section 506 of the Code, as modified by Section 1111(b) of the Code, or (b) A Claim entitled to priority under Sections 503 or 507 of the Code. |
| USDA | The United States of America, Department of Agriculture. |

# ARTICLE II
# ADMINISTRATIVE EXPENSES

2.1     All Claims for Administration Expenses, as such term is defined in Section 503(b) of the Code, shall be paid in full upon the earlier of the date of Confirmation, or the entry of an Order by the Court establishing the amount of any such Claim. In the event fees, expenses and disbursements are allowed pursuant to an Order of the Court on or before the date of Confirmation, the Debtor shall deposit such amount as shall be determined by agreement of the parties herein or upon direction of the court in order to secure payment of all allowances for professional fees, costs and expenses.

2.2     All trade and service obligations incurred by the Debtor in the ordinary course of administering this estate during the pendency of Debtor's Chapter 12 proceeding shall be satisfied when they become due in the ordinary course of business.

# ARTICLE III
# DESIGNATION OF CLASSES AND INTERESTS

3.1     All Claims are hereby classified as follows:

## CLASS I

3.1.1. All holders of Unsecured Claims exclusive of all such claims classified elsewhere herein.

## CLASS II

3.1.2 The equity interests in the Debtor owned by Joseph Mahal (49%) and Raymond Bolzan (51%).

## CLASS III

3.1.3 Priority tax claims of the IRS consisting of approximately $120,000.00 for payroll taxes for 2008 and 2009.

## CLASS IV

3.1.4 The Unsecured claim of ASC Mortgage.

## CLASS V

5

3.1.5 The claim of Highland, filed in the amount of $823,910, secured by a lien on the following vehicles:

| 1998 Wabash 53' Tandem Axle refrigerated trailer | $7500 |
|---|---|
| 1999 Wabash 53' refrigerated trailer | $7500 |
| (2) 2003 Kenworth T800 tandem axle truck tractors | $24000 |
| Total | $39000 |

## CLASS VI

3.1.6 The claim of Highland, filed in the amount of $823,910, secured by a lien upon the following real estate:

| PROPERTY | OWNER | VALUE | 1ST MORTGAGE PAYOFF AMOUNTS/ MONTHLY PAYMENT |
|---|---|---|---|
| 19 Hope Road, Block 12, Lot 12, .86 acres | Raymond Bolzan | 78,000 | Highlands State Bank Payoff $650,000 |
| 21 Hope Road, Block 10, Lot 13, 3.24 acres | Raymond Bolzan | 250,000 | American Service Co. 1st mortgage $146,425.096 / Highlands 2nd Mortgage |

## CLASS VII

3.1.7 The claim of Highland, filed in the amount of $823,910, secured by a lien upon the following equipment:

| Ford 2910 Utility Tractor | $3000 |
|---|---|
| Ford 3910 Tractor | $7500 |
| Ford 5030 Tractor | $6000 |
| Ford 8630 Tractor | $12000 |
| Brouwer RM22 rotary mower | $2000 |

6

| | |
|---|---|
| Brillion Sod Feeder/spreader | $500 |
| (2) Irrigation Pumps | $5500 |
| Deere 4955 Tractor | $18000 |
| Kuhn HR 4003 pwer harrow | $5000 |
| Deere 995 plow | $3000 |
| Kesmac 2100 sod cutter | $20000 |
| Dondi DMR-55B ditch digger | $4000 |
| Ford 4600 Tractor | $3000 |
| Deere 7810 tractor | $25000 |
| Deere Landpride sod seeder | $5000 |
| Turfco Big Roll harvester | $8000 |
| Kuhn MDS732 fertilizer spreader | $1000 |
| (2) Hardi Sprayers | $2200 |
| Demco Sprayer | $1000 |
| (2) Deere Tractors, 6310 & 5200 | $20,000 |
| Howard HR20 rototiller | $1000 |
| Case 450 crawler tractor | $5000 |
| Holland Transplanter, 3 units | $2000 |
| Vogt VT80 tube ice machine | $9000 |
| Washer/hydro cooler | $5000 |
| Flakice Chiller | $5000 |
| Lockerbie Chiller | $1500 |
| Kerian DW5Wp squash sizer | $2000 |
| Monosem Precision vacuum planter | $4000 |
| Disc white | $800 |
| Toyota forklift truck | $2500 |
| 3 Point Hitch | $1500 |
| Elevator belt | $1000 |
| 36" washer | $20000 |
| 1985 American Tandem refrigerated trailer | $1800 |

| 1987 & 1989 Dorsey flatbed trailers | $3000 |
|---|---|
| 1980 Ford 9000 flatbed truck | $300 |
| 1983 & 1987 Freightliner FLC 64 tandem axle truck tractors | $4000 |
| 1986 Trailmobile flatbed trailer | $1200 |
| 2000 Trail Eze flatbed trailer | $10000 |
| 1992 Utility refrigerated trailer | $3000 |
| 1967 General Flatbed trailer | $500 |
| 1971 Gindy flatbed trailer | $500 |
| 1993 Kenworth T600 tandem axle truck tractor | $2500 |
| 1995 Mack CH613 truck tractor | $3500 |
| Total | $242,300.00 |

## CLASS VIII

3.1.8 The claim of the USDA filed in the amount of $311,119.33, secured by a lien on the following equipment.

| International Farmall Cub Tractor, 1947/1950 | $1500 |
|---|---|
| Ford 7000 tractor | $4000 |
| Ford 2910 utility tractor | $3000 |
| Ford New Holland 5635 tractor | $10000 |
| Ford 2000 tractor | $1000 |
| Progressive TD92 rotary finishing mower – 1998 | $7000 |
| (2) Lesco 7-Gang rell mowers | $1600 |
| Brush Hog | $300 |
| Ingersoll Rand RT 705G forklift truck | $8000 |
| Allis Chalmers forklift truck | $1000 |
| (3) Brouwer 3600 R Hitch forklift trucks, | $4700 |

| | |
|---|---|
| 1991, 1993 & 1998 | |
| Eversman 1650 Land Plane | $3000 |
| Irrigation Pump | $3000 |
| Kesmac KFL-50ra Rough terrain lift truck | $10000 |
| 1973 Ford 9000 single axle truck tractor | $500 |
| Total | $58600 |

## CLASS IX

3.1.9  The priority tax claims of New Jersey consist of: (i) $9,312 for 2008 sales and payroll taxes; (ii) $997 for sales and payroll taxes for 2007 and 2009, and (iii) $12,682 for payroll and sales tax for 2007, 2009 and 2010.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTEREST/IMPAIRMENT

| CLASS | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| I | Unsecured Creditors- filed Claims of $286,000.00, plus the Unsecured portion of the Secured Claims | Yes | The Debtor will remit monthly payments of $250.00 for a period of 120 months in order to fund the Creditor Fund, from which annual, pro rata distribution upon all unsecured claims will be remitted. |
| II | Equity Interest Holders | No | Retain stock interest |
| III | IRS Priority Tax Claims | Yes | Debtors will remit monthly payments of $2,000.00 for a period of 60 months in full satisfaction of the claims of the Class III creditor. |

| | | | |
|---|---|---|---|
| IV | The Unsecured Claim of ASC Mortgage. | No | This creditor will continue to receive monthly mortgage payments, through continued monthly lease payments of $2,200 to Raymond Bolzan, Jr., which will be applied to the monthly mortgage payments of $2,200.00 |
| V | The Secured Claim of Highlands secured by a lien on trucks | Yes | The Class V creditor will receive a $35,000.00 promissory note, having a 10 year term, utilizing an interest rate of 5% per annum. The note will be fully amortizing and secured by a lien on the truck. The balance of this claim will be in Class I. |
| VI | The Secured Claim of Highlands secured by a lien on real estate | Yes | The Class VI creditor will receive a 30 year mortgage note in the amount of $160,000.00, utilizing an interest of 5%. The mortgage note will be fully amortizing and secured by a lien on the real estate. The balance of this claim will be in Class I. |
| VII | The Secured Claim of Highlands secured by a lien on farming equipment and vehicles | Yes | The Class VII creditor will receive a $220,000.00 promissory note, having a 25 year term, utilizing an interest rate of 5% per annum. The note will be fully amortizing and secured by a lien on the vehicles and equipment. The balance of this claim will be in Class I. |
| VIII | The Secured Claim of the USDA | Yes | The Class VIII creditor will receive a 10 year promissory note, fully amortizing note in the amount of $50,000.00, utilizing an interest rate of 5% per annum. The note will be secured by a lien upon the equipment The balance of the USDA claim of $261,119.00 will be in Class I. |

| | | | |
|---|---|---|---|
| IX | New Jersey | Yes | Monthly payments of $383.00 will be remitted for 60 months in full satisfaction of the Class IX Claims. |

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

5.1. The funds necessary for financing the Plan will be derived from from the Debtor's operations, and possibly, the sale of excess equipment.

5.2. Nowell Amoroso Klein Bierman, P.A., the Debtor's counsel, shall serve as the Disbursing Agent for the purpose of all distributions from the Creditor Fund. The disbursing agent shall be entitled to be compensated at its usual hourly rates from the creditor's funds. All other distributions shall be remitted directly by the Debtor.

5.3. Disbursing Agent will file all statements required pursuant to Local Bankruptcy Rule 3021-1(d) with the Clerk, United States Bankruptcy Court.

5.4. Upon Confirmation, all Claims against the Debtor, the Debtor's professionals, officers, directors, agents and employees and the Debtor's Assets, shall be discharged, satisfied and cancelled, except as otherwise provided herein, in exchange for the distributions provided for herein.

5.5. The provisions of this Plan shall be binding upon Debtor and all Creditors, regardless of whether such Claims are impaired or whether such parties accept the Plan and Confirmation hereof.

5.6 Upon Confirmation of the Plan all of the Debtor's property, except for property transferred pursuant to the terms hereof, shall vest in and be retained by the Debtor. All such property vesting in and retained by the Debtor shall be free and clear of all Claims,

liens and encumbrances, expect as otherwise provided herein.

5.7. No distributions under this Plan will be tendered until the Effective Date.

5.8. No payment of fractions of units will be made under this Plan. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment will reflect a rounding down of such fraction to the nearest whole cent.

5.9. In the event a cash payment otherwise provided for by this Plan with respect to a Claim would be less than FIFTY ($50.00) DOLLARS (whether in the aggregate or on any payment date provided in this Plan), notwithstanding any contrary provision of this Plan, no such payment will be made and the Debtor shall retain such funds for distribution pursuant to the terms of the Plan.

5.10. Any Creditor who fails to collect any distribution within ninety (90) days from the date monies or property is distributable thereto shall forfeit all rights thereto and such monies or property shall thereafter revert to the Debtor.

5.11. Objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of all Claims to which the Debtor has objected within ninety (90) days of Confirmation. Unless otherwise ordered by the Bankruptcy Court, objections to Claims may be litigated to judgment, settled or withdrawn, subject to Bankruptcy Court approval. Distributions on account of Claims to which objections are filed will be made in accordance with this Plan and after an Order, judgment, decree or settlement agreement with respect thereto becomes a final Order in accordance with this Plan.

5.13. Any Claims which the Debtor has against third parties shall survive Confirmation of the Plan.

## ARTICLE VI

## ASSUMPTION/REJECTION OF EXECUTORY CONTRACTS

6.1 The Debtor hereby rejects all pre-petition, executory contracts, except for the following contracts which are hereby assumed:

| LEASE CONTRACTS | | | | |
|---|---|---|---|---|
| **Lessor** | **Nature of Lease** | **Monthly Payment($)** | **Months Arrears** | **Lease Termination** |
| Raymond John Bolzan, Jr., | Lease of 21 Hope Road, Great Meadows, New Jersey | $2,200 | | |
| Empire Farms, LLC | Lease of two 2003 Kenworth tractors and two Wabash trailers (1998 & 1999) | $1500 | | |

## ARTICLE VII
## RETENTION OF JURISDICTION

7.1. The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 12 of the Code, pending the final allowance or disallowance of all Claims affected by the Plan, and with respect to the following matters:

(a) To adjudicate all controversies concerning the classification or allowances of any Claims;

(b) To liquidate any Claims which are disputed, contingent or unliquidated;

(c) To determine any and all objections to the allowance of Claims;

(d) To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Code or the Plan;

(e) To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the confirmation date;

(f) To modify the Plan, or remedy any defect or omission therein, or reconcile any inconsistency in the Confirmation Order, the Plan or the Disclosure Statement in such manner as may be necessary to carry out the purposes and intent of the Plan to the extent authorized thereby;

(g) To enter such Orders as may be necessary to consummate, implement, and effectuate the operative provisions of the Plan;

(h) To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

(i) To consider and act upon the compromise or settlement of any Claim or cause of action by or against Debtor's estate;

(j) To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with the Plan or the Confirmation Order including the liquidation of estate property consistent with the Plan, and

(k) To enter a final Order closing the Chapter 12 case.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

8.1. <u>Cramdown:</u> In the event that any impaired Class fails to accept this Plan in accordance with the Bankruptcy Code, the Debtor will seek confirmation of the Plan in accordance with the provisions of Section 1225 of the Bankruptcy Code.

8.2 <u>Notices:</u> All notices and other communications hereunder shall be in writing and delivered by hand or by first class mail to all of the parties listed below at their respective addresses, as follows:

        David Edelberg, Esq.
        Nowell Amoroso Klein Bierman, P.A.
        155 Polifly Road
        Hackensack, New Jersey 07601
        Attorneys for the Debtor

        Andrea Dobin, Esq., Chapter 12 Trustee
        Sterns & Weinroth
        50 West State Street
        Trenton, New Jersey 08607

        Betsy Ann Rosenbloom, Esq.

Williams Caliri Miller & Otley
1428 Route 23
Wayne, NJ 07470
Attorneys for Highlands State Bank

8.3.    Modification of the Plan: The Debtor may amend or modify this Plan pursuant to Section 1229 of the Bankruptcy Code at any time prior to the Confirmation. Subsequent to Confirmation, the Debtor may remedy any defects or omissions, or reconcile any consistencies herein in such manner as may be necessary to carry out the purposes and intent of the Plan so long as the interests of Claimants are not materially and adversely affected.

Empire Farms, Inc.

Dated: November    , 2010          By: /s/Joseph Mahal
                                        Joseph Mahal

G:\wp\WPDATA\CLIENT FILES\E Files\Empire Farms\Pleadings\Plan.doc